**In the Matter of Lindsay C. POTTHAST, Respondent.**

**No. 49S00–1310–DI–682.**

Supreme Court of Indiana.

May 7, 2014.

*PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint, the affidavit, and the briefs of the parties, the Court concludes that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** On June 14, 2011, Respondent was stopped by the police while operating a motor vehicle with a burned-out headlight. Respondent admitted to the officer that she had consumed a couple of alcoholic beverages and had taken a prescription sleep aid. Respondent failed three field sobriety tests. A breathalyzer test recorded a 0.066 B.A.C., and a chemical test revealed the presence of cannabinoids (marijuana) in her system. Respondent admits she had smoked marijuana approximately one week prior to the traffic stop while attending a concert.

Respondent pled guilty to operating a vehicle while intoxicated, a class C misdemeanor. A charge of operating a vehicle with a schedule I or II controlled substance or its metabolite in her body, also a class C misdemeanor, was dismissed under

the plea agreement. Respondent was sentenced to 60 days suspended, with one year of probation. When she submitted her consent to discipline, she was in compliance with her criminal probation, which was scheduled to terminate on March 24, 2014. At the time of the traffic stop, Respondent was serving as a deputy prosecutor. She was terminated from this position after entering her guilty plea.

The following are facts in mitigation: (1) Respondent has no disciplinary history; (2) she was cooperative with the Commission; and (3) she contacted Indiana Judges and Lawyers Assistance Program ("JLAP") in August 2012, after which she commenced private substance abuse counseling.

**Violations:** Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's trustworthiness or fitness as a lawyer.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, effective the date of this order, all stayed subject to completion of at least 12 months of probation,** subject to the following terms and conditions:

(1) Respondent shall arrange to consult with JLAP within 30 days of this order and shall enter into a monitoring agreement if recommended by JLAP.

(2) Respondent shall have no violations of any JLAP requirements, the law, or the Rules of Professional Conduct during her probation.

(3) Respondent shall promptly report any violation of her probation to the Commission.

(4) If Respondent violates her probation, the Court may revoke her probation and she may be required to actively serve the suspension without automatic reinstatement.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.